Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered August 5, 2013, which, to the extent appealed from as limited by the briefs, denied defendant’s motion for summary judgment dismissing the complaint as barred by the Workers’ Compensation Law, affirmed, without costs.
Issues of fact exist as to whether defendant was the special *469 employer of plaintiff. Plaintiff was assigned to work for defendant, for two days, as a truck driver by his general employer, United Staffing Systems, Inc., a temporary employment company. Although plaintiff used defendant’s trucks and was told where and when to deliver and pick up voting machines, this does not establish as a matter of law that United surrendered complete control and direction over plaintiffs work or that defendant assumed such control and direction (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558-559 [1991]; Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 597 [1st Dept 2013]). Nor did United’s relinquishment of contact with and direct supervision of plaintiff after assigning him to defendant establish that defendant had in fact assumed “complete and exclusive control” over plaintiffs work (Bellamy v Columbia Univ., 50 AD3d 160, 165 [1st Dept 2008]). Notably, although plaintiff was accompanied by one of defendant’s supervisors during his deliveries and pickups of the voting machines, the supervisor testified that he did not supervise drivers.
Concur—Tom, J.P, Sweeny, Saxe and Freedman, JJ.